UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PARK RIVER APARTMENTS, PARK RIVER APARTMENT NW PORTFOLIO I LLC, RIVERSTONE RESIDENTIAL GROUP, LLC, and CAS PARTNERS, LLC,<br><br>　　　　Defendants. | Case No.  1:11-cv-00399-REB<br><br>**CONSENT ORDER** |

## I. INTRODUCTION

**A.　　Background**

　　1.　　This Consent Order is entered between the Plaintiff Intermountain Fair Housing Council, Inc. and the Defendants Park River Apartments, Park River Apartment NW Portfolio I LLC, Riverstone Residential Group, LLC, and Consolidated American Services, Inc., a/k/a CAS Partners.

　　2.　　The real property that is the subject of this action is the Park River Apartments located at 737 Stilson Road, Boise, Idaho 83703 (hereinafter "the Subject Property").

　　3.　　This action is brought by the Plaintiff for declaratory judgment, permanent injunctive relief and damages on the following bases: Count One—Discrimination on the Basis

**CONSENT ORDER - 1**

of "Handicap" in Violation of the Fair Housing Act and its Implementing Regulations; and Count Two—Negligence.

**B.	Parties**

1.	The Plaintiff is a private nonprofit organization organized under the laws of the State of Idaho with its principal place of business at 350 North 9th Street, Suite M-100, Boise, Idaho 83702.  Its mission is to advance equal access to housing for all persons without regard to race, color, sex, religion, national origin, familial status, or disability, and to increase the pool of accessible housing available to the disabled.  The Plaintiff serves persons with disabilities through, among other things, education on the fair housing laws, assistance with complaints, and referrals to accessible properties.  The Plaintiff also provides education and outreach on fair housing laws and practices to housing consumers, housing providers, builders, architects, and others.

2.	The Defendant Park River Apartments is the assumed business name of an unincorporated business in the State of Idaho.  Its principal place of business is 737 Stilson Road, Boise, Idaho 83703.  Said Defendant operates the Subject Property, a multifamily apartment complex which is the real property that is the subject of this proceeding.

3.	The Defendant Park River Apartment NW Portfolio I LLC is a business organized under the laws of the State of Washington and doing business in the State of Idaho.  Its principal place of business is believed to be 1000 2nd Avenue, Suite 3900, Seattle, Washington 98104.  Said Defendant is the owner of record of the Subject Property.

4.	The Defendant Riverstone Residential Group, LLC is a business organized under the laws of the State of Delaware and, through its affiliates, does business in the State of Idaho.

**CONSENT ORDER - 2**

Its principle place of business is 1201 Elm Street, Suite 1600, Dallas, Texas 75270.  An affiliate of said Defendant is the operator and property manager of the Subject Property.

  5. The Defendant Consolidated American Services, Inc., a/k/a CAS Partners is a business organized under the laws of the State of Delaware.  Said Defendant is the parent company of the Defendant Riverstone Residential Group, LLC.

**C.** **Applicable Legal Requirements**

  1. The relevant portions of the Fair Housing Act and its implementing regulations prohibit the following:

   a. Discrimination in the sale or rental, or otherwise made unavailable, a dwelling because of "handicap", 42 U.S.C. §3604(f)(1);

   b. Discriminatory terms, conditions or privileges in the sale or rental of a dwelling because of "handicap", 42 U.S.C. §3604(f)(2);

   c. Refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling, 42 U.S.C. §3604(f)(3)(B);

   d. Making, printing or publishing a notice or statement with respect to the sale or rental of a dwelling that indicates a preference, limitation or discrimination based on "handicap", 42 U.S.C. §3604(c);

   e. Interference, coercion or intimidation, 42 U.S.C. §3617; and

   f. Making inquiry as to the nature or severity of a handicap, 24 C.F.R. §100.202(c).

**CONSENT ORDER - 3**

2. The prohibition on negligent actions requires individuals to use reasonable care to avoid injury and to prevent unreasonable, foreseeable risks of harm to others.

**D. Consent of the Parties to Entry of this Order**

1. The parties to this proceeding agree that this Court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. §3613 and 28 U.S.C. §§1331, 1332, 1337, 1343 and 2201. The parties further agree that this controversy should be resolved without further proceedings and without an evidentiary hearing.

2. The Defendants deny that they have violated the law, and this Consent Order does not constitute any admission of liability on the part of the Defendants.

3. As indicated by the signatures appearing below, the parties hereto agree to entry of this Consent Order.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

A. **Monetary Damages.** The Defendants will pay the total sum of SIX THOUSAND AND NO/100 DOLLARS ($6,000.00) in monetary damages to the Plaintiff Intermountain Fair Housing Council, Inc.

B. **Fair Housing Education.** The Defendants' on-site property management staff shall complete a training course regarding the requirements of the Fair Housing Act within five months of the entry of this Consent Order. Said training course shall be provided by the Plaintiff at no cost to the Defendants and shall consist of no less than two hours of training time.

C. **Change of Policy.** The Defendants shall operate in compliance with the requirements of the Fair Housing Act, 42 U.S.C. §3601 *et seq.*, and its implementing regulations.

**CONSENT ORDER - 4**

In the event that a party seeks to enforce this provision, the Court will require a showing that the alleged violation is somehow connected to this proceeding.

  **D.**  **Modification, Implementation and Use of Form.**  The Defendants shall modify their Reasonable Accommodations Verification Form as follows:

    1.  Paragraph No. 2, which provides "Please describe in what manner this disability restricts the resident in activities that are of central importance to his or her daily life" shall have the following additional language added to it: "(do not provide information regarding the nature or severity of the resident's disability)".

    2.  Paragraph No. 4 shall be removed in its entirety.

The modifications to the Reasonable Accommodations Verification Form listed above shall be implemented, and the modified form used, nationwide at all of the Defendants' properties when the Defendants receive a reasonable accommodation request from a resident or applicant.

  **E.**  **Duration of Order and Termination of Legal Action**

    1.  This Consent Order shall remain in effect for six (6) months after the date of its entry.

    2.  The complaint filed in this proceeding is dismissed with prejudice. The Court, however, shall retain jurisdiction for the term of this Consent Order to enforce the terms of this Order.

  **F.**  **ATTORNEY'S FEES AND COSTS.**  Each party hereto shall bear its own attorney's fees and costs associated with this action. However, any party hereto may seek judicial enforcement of this Consent Order. Should any party initiate litigation to enforce the

**CONSENT ORDER - 5**

terms of this Agreement, the prevailing party shall be entitled to an award of its attorney's fees and costs incurred in such action.



DATED: **February 13, 2012**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**CONSENT ORDER - 6**